Filed 5/20/21  P. v. Williams CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>SMITTY WILLIAMS,<br><br>        Defendant and Appellant. | B305218<br><br>(Los Angeles County<br>Super. Ct. No. BA318827) |

APPEAL from an order of the Superior Court of Los Angeles County, Norm Shapiro, Judge.  Reversed and remanded with directions.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Smitty Williams appeals from an order denying his petition to recall his sentence under Penal Code section 1170.91.[1] Because the record indicates the trial court (and Williams's appointed counsel) considered the matter under a different and inapplicable statute, we reverse the order and remand the matter for a hearing under section 1170.91, subdivision (b). The Attorney General concedes this is the appropriate disposition.

## BACKGROUND

In 2008, a jury found Williams guilty of forcible rape (§ 261, subd. (a)(2)), unlawful sexual penetration (§ 289, subd. (a)(1)), and two counts of forcible oral copulation (former § 288, subd. (c)(2)). The jury also found true the special allegation that Williams used a knife during commission of the offenses, within the meaning of section 12022.3, subdivision (a). Williams was a taxi driver, and the victim was his legally blind passenger. (*People v. Williams* (Apr. 9, 2010, B212342) [nonpub. opn.].)[2]

In October 2008, the trial court sentenced Williams to an indeterminate term of 15 years to life for the rape. The court further sentenced Williams to a consecutive and total determinate term of 54 years for the other three offenses: the upper term of eight years for each of the three offenses, plus the upper term of 10 years for the deadly weapon enhancement on each of the three offenses.

Effective January 1, 2019, the Legislature amended section 1170.91 to add subdivision (b), which provides in pertinent part:

[1] Undesignated statutory references are to the Penal Code.

[2] The cited opinion is from Williams's direct appeal of his convictions, in which this court affirmed the judgment.

"A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a)[3] if the person meets both of the following conditions:

"(A)  The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B)  The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015." (§ 1170.91, subd. (b)(1); Stats. 2018, ch. 523, § 1.)

---

[3] Subdivision (a) provides:  "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170.  This consideration does not preclude the court from considering similar trauma, injury, substance abuse, or mental health problems due to other causes, as evidence or factors in mitigation."  This was the original language of section 1170.91 when it was enacted in 2014 and became effective January 1, 2015.  (Stats. 2014, ch. 163, § 2.)

On January 23, 2019, Williams, as a self-represented litigant, filed a petition for recall of his sentence under section 1170.91.  He attached to his petition documents indicating (1) he served in the United States Navy for three years, from 1974 to 1977, and he was honorably discharged; (2) he suffers from posttraumatic stress disorder; and (3) the California Department of Corrections and Rehabilitation has prescribed him medication for his posttraumatic stress disorder, as of November 2018.  In his petition, Williams stated his posttraumatic stress disorder stems from his service in the military, specifically "picking up deceased soldiers to be shipped home in the United States through horrific conditions while at sea when Navy Helicopter[s] were being shot at continuously."  Williams requested counsel, and the trial court appointed counsel to represent Williams in connection with this petition.

On September 23, 2019, Williams's appointed counsel filed a brief addressing the constitutionality of section 1170.95, a statute not applicable here, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to have the murder conviction vacated and to be resentenced, if the person could not be convicted of murder today in light of 2018 amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, § 1(f), p. 6674.)  As explained above, this case does not involve a murder.

At a hearing on October 2, 2019, at which Williams's appointed counsel and a deputy district attorney appeared, the trial court continued the matter, stating for the record, "[t]he motion is pursuant to 1170.95 of the Penal Code."  As set forth above, Williams filed his petition under section 1170.91, not

4

1170.95.  Neither Williams's counsel nor the deputy district attorney corrected the trial court.[4]

At the continued hearing on October 31, 2019, at which Williams's counsel and the deputy district attorney appeared, the trial court stated on the record, "I believe this is a motion pursuant to [section] 1170."  The court again continued the matter.  Also on October 31, 2019, the court issued a minute order, stating in pertinent part:  "The court grants defendant's motion for a resentencing hearing pursuant to Penal Code section 1170.95.  Further proceedings re: resentencing hearing setting is set on 1-13-20."  Neither the court nor counsel for the parties acknowledged that Williams brought his petition under section 1170.91.

At the hearing on January 13, 2020, at which Williams's counsel and the deputy district attorney appeared, the trial court made the following comments on the record:  "I believe this is a motion pursuant to [section] 1170.  [¶]  [Defense counsel], I have read and considered all the paperwork you have submitted, and in the court's opinion I don't feel this motion should be granted due to the circumstances; therefore, I am denying your motion."  The court did not elaborate on the "circumstances" it considered.  Counsel for the parties did not address the court on the record, as reflected in the reporter's transcript of the hearing.  The minute order from this hearing states, in pertinent part:  "Both sides argue on the re-sentencing pursuant to Penal Code section 1170.95.  [¶] . . . [¶]  The court denies the re-sentencing pursuant to Penal Code section 1170.95."

_____

    [4] Williams was not present at any of the hearings held on his petition under section 1170.91.

5

Williams appealed from the order denying the petition that he brought under section 1170.91.

## DISCUSSION

Williams contends the trial court violated his statutory and due process rights when it denied his petition. Because we reverse the order based on our conclusion that the record indicates the trial court did not properly consider Williams's petition in light of section 1170.91, as explained below, we need not address Williams's due process claim.

When a trial court receives a petition brought under section 1170.91, "the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision [as quoted above]. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3).)

Here, there is no indication in the record that the trial court considered whether Williams satisfied the criteria for eligibility for resentencing under section 1170.91. Instead, the record indicates the trial court (and Williams's counsel) considered the matter under section 1170.95, a statute not applicable to the circumstances of Williams's case.

Based on the record before us, the error is not harmless. (See *People v. King* (2020) 52 Cal.App.5th 783, 790 [state law harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818 applies to review of order denying petition for recall of sentence].) Williams's petition does not demonstrate he is

6

ineligible for resentencing under section 1170.91: he was sentenced before 2015, and he presented evidence indicating he served in the military and he suffers from posttraumatic stress disorder. In the respondent's brief, the Attorney General concedes that, based on the information Williams presented in his petition, the matter must be remanded for the trial court to consider whether Williams satisfies all the criteria for eligibility for resentencing under section 1170.91 on the determinate portion of his sentence[5] (e.g., whether Williams's posttraumatic stress disorder arose from his military service, as he states in his petition). Accordingly, we reverse the trial court's order denying Williams's petition, and we remand the matter for a new hearing that complies with section 1170.91, subdivision (b).

## DISPOSITION

The order is reversed, and the matter is remanded for a new hearing at which the trial court shall satisfy its statutory obligations under section 1170.91, subdivision (b).

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.                    BENDIX, J.

---

[5] Section 1170.91 applies to a trial court's imposition of a determinate term under section 1170, subdivision (b). (§ 1170.91, subd. (a).) Thus, if the trial court were to resentence Williams under section 1170.91—and we express no opinion on whether that should occur—such a resentencing would not affect the indeterminate term on the rape count in this case.